AMERICAN ACADEMY OF
PEDIATRICS, et al.,
Appellant,

v.

Otis R. BOWEN, Secretary, Department
of Health and Human Services.

No. 85–5784.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 25, 1986.

Decided July 18, 1986.

Elizabeth B. Carder, with whom Stephan E. Lawton and Jack N. Goodman, Washington, D.C., were on brief, for appellant.

Christine R. Whittaker, Atty., Dept. of Justice with whom Richard K. Willard, Acting Asst. Atty. Gen., Joseph E. diGenova, U.S. Atty. and William Kanter, Atty., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before ROBINSON, Chief Judge, STARR, Circuit Judge, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge McGOWAN.

McGOWAN, Senior Circuit Judge:

In this case, the District Court, on a supplemental application for attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1982), denied fees incurred by appellants in connection with the Secretary of Health and Human

Services' appeal of an earlier fee award. *American Academy of Pediatrics v. Heckler*, No. 84-0774 (D.D.C. June 6, 1985). The District Court held that Secretary Heckler—since automatically replaced as a party by Secretary Bowen, *see* Fed.R. App.P. 43(c)—was "substantially justified" in her decision to appeal. We agree, and therefore affirm.

## I. FACTS

On March 7, 1983, the Secretary issued an interim final rule concerning the medical care and treatment of handicapped infants. 48 Fed.Reg. 9,630 (1983). Plaintiffs, American Academy of Pediatrics *et al.* ("Academy"), challenged the legality of the regulation. On April 14, 1983, the District Court entered an Order invalidating the interim rule. *American Academy of Pediatrics v. Heckler*, 561 F.Supp. 395 (D.D.C.1983). The Secretary appealed this Order on April 14, 1983. After her motions to stay the District Court order pending appeal were denied by both the District Court and this Court, the Secretary voluntarily dismissed her appeal on August 4, 1983.

On September 6, 1983, the Academy filed an application under the EAJA for attorneys fees and costs associated with the preceding litigation. On February 3, 1984, the District Court awarded the Academy $47,690 in attorneys fees plus costs. The Secretary appealed this Order. On appeal, the Secretary argued that the Academy's fee application was filed out of time. The EAJA requires that application for fees be filed within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B) (1982). The Academy filed its application for fees within 30 days of the Order dismissing the Secretary's appeal in the underlying action. The Secretary contended, however, that the application should have been filed within 30 days of the District Court's Order invalidating the rule at issue in the underlying action.

After the Secretary filed her notice of appeal of the District Court's fee award Order, this Court decided *Massachusetts Union of Public Housing Tenants, Inc. v.*

*Pierce*, 755 F.2d 177 (D.C.Cir.1985). In *Massachusetts Union*, this Court held that the term "final judgment" in the EAJA means the time at which a judgment is no longer contestable on appeal. *Id.* at 180. Relying on the *Massachusetts Union* decision, this Court summarily affirmed the District Court's Order awarding fees and costs in this case. *Heckler v. American Academy of Pediatrics*, No. 84-5450 (D.C. Cir. Apr. 19, 1985).

On May 2, 1985, the Academy filed a supplemental application for award of $14,511.50 in attorneys fees and costs incurred in defending against the Secretary's appeal of the District Court's original award of fees and costs. The Secretary opposed the supplemental application. The District Court denied the supplemental application in a one-page Order, holding that the Secretary's litigation position in appealing the original fee award was " 'substantially justified.' " *American Academy of Pediatrics v. Heckler*, No. 84-0774 (D.D.C. June 6, 1985) (quoting EAJA). The Academy filed a notice of appeal from that Order.

## II. ANALYSIS

The EAJA "ma[de] a significant change in the ... law regarding attorneys fees by establishing a general statutory exception for an award of fees against the Government." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9 (1980), U.S.Code Cong. & Admin. News 1980, pp. 4953, 4987. The EAJA provides for the payment of attorneys fees and costs to a party prevailing against the government under the following conditions:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1982). The central issue in this case is whether, in deter-

mining whether the government's position was "substantially justified," the District Court properly examined the reasonableness of the government's position as to the fee award or whether the District Court was only permitted to consider the reasonableness of the government's position in the underlying litigation. If the District Court was prohibited from examining the reasonableness of the government's position as to the fee award, then fees are appropriate here. The Academy has already successfully demonstrated that the government's position in the underlying litigation was not substantially justified.

This case requires us to revisit an issue left open in *Cinciarelli v. Reagan,* 729 F.2d 801 (D.C.Cir.1984). In that case, the plaintiff prevailed in a suit against the government. The plaintiff then brought suit for fees and costs under the EAJA. The District Court denied the application. We held, however, that the government was not substantially justified in one of its defenses to the underlying action and that the plaintiff could be compensated for combatting that defense. In addition, we held that the plaintiff could receive a partial fee award for expenses incurred in bringing the EAJA suit itself. In determining that it was appropriate to award fees for the fees litigation, we noted that the case raised a dilemma: the court could either automatically grant fees for all fees litigation, or it could require additional litigation on the fees for fees litigation issue:

> If we apply a *per se* rule that the government pays fees for EAJA litigation whenever it defends an EAJA suit on the basis that its position in the action on the merits was substantially justified and loses, we force the government to pay fees in those marginal cases when defense of the EAJA suit, though unsuccessful, was substantially justified. Yet if we require every victorious EAJA plaintiff to make a separate claim for fees for bringing the first EAJA suit, and permit the government to claim that its first EAJA defense was substantially justified on the merits, we face the distinct possibility of an infinite regression of EAJA litigation.

*Id.* at 810. Given these choices, we indicated a preference for the *per se* fee-shifting rule as "the least objectionable exit from this Kafkaesque judicial nightmare." *Id.* Although we expressed a preference for the *per se* rule, we declined to definitively resolve the question because neither party had briefed or argued it. *Id.* In addition, we explicitly reserved opinion on a case "where the government raises a technical defense—such as untimely filing—to an EAJA application." *Id.* at 810 n. 10. This technical defense situation is precisely the case on this appeal.

■ This case does not require us to definitively accept the *per se* rule suggested by *Cinciarelli.* We hold only that a technical defense exception, including at least the defense of untimely filing, should limit any fee-shifting rule. In such a case, the essential concern justifying the *per se* rule—that separating the EAJA defense from the underlying merits may produce an infinite regression of EAJA litigation—does not apply. The government can raise the technical defense of untimely filing only once. If the government loses, it can argue, in defense against the application for fees incurred in connection with litigating the technical defense, that the technical defense was substantially justified. If the government wins that argument, the matter ends. If the government loses, the plaintiff may then ask for fees in connection with litigating the question of substantial justification for the technical defense. At that point, the *per se* rule applies; the government may not argue that it was substantially justified in arguing that it was substantially justified in raising the technical defense.

The Academy opposes this limited technical defense exception, suggesting that such an exception would invite a host of technical defenses to EAJA applications. The Academy gives as an example the possibility that the government could resist every EAJA application on the ground that the number of attorney hours was excessive.

Reply Br. of Appellant at 3. Thus, according to the Academy, the infinite regression of EAJA suits can occur:

> A prevailing EAJA plaintiff will then bring another suit for fees incurred in bringing the first suit; the government will defend by claiming that its first EAJA defense was substantially justified. Assuming the plaintiff again prevails, yet a third suit will be spawned, and the cycle will continue in perpetuity.

*Id.* at 4. We find this example undaunting because it does not take account of the technical defense exception we envision. We need not hold that a government argument that an EAJA application contained an excessive number of hours would constitute a technical defense. Even assuming that an objection to excessive hours is a technical defense, however, the Academy wrongly foresees an endless cycle of litigation over such a defense. As we conceive it, any technical defense can only be raised once. For the government to argue that it was substantially justified in arguing that it was substantially justified in raising any technical defense will still violate the *per se* rule, thus ending the litigation.

■ The remainder of our task is an easy one. We hold that the Secretary was substantially justified in raising the untimely filing defense in response to the application for attorneys fees. At the time the Secretary raised the defense, the meaning of "final judgment" in 28 U.S.C. § 2412(d)(1)(B) (1982) was still undefined.

It was unclear at that time whether fee applications had to be filed within 30 days of an appealable judgment by a District Court or within 30 days of the end of the appellate process. *See Massachusetts Union of Public Housing Tenants, Inc. v. Pierce,* 755 F.2d 177, 179 (D.C.Cir.1985) (noting conflict in circuits); *id.* at 180 (noting that *Action on Smoking & Health v. CAB,* 713 F.2d 795 (D.C.Cir.1983) (per curiam) left issue open). Under these circumstances, we find the Secretary's position substantially justified. *Compare Massachusetts Fair Share v. LEAA,* 776 F.2d 1066, 1068–69 (D.C.Cir.1985) (holding government's position unreasonable where government advanced no legal authority for its position and applicable principle of law was long settled) *with Grace v. Burger,* 763 F.2d 457, 459 (D.C.Cir.) (holding government's position substantially justified where sufficient support existed in precedent), *cert. denied,* —— U.S. ——, 106 S.Ct. 583, 88 L.Ed.2d 565 (1985).

For the foregoing reasons, the Order of the District Court denying the supplemental application for attorneys fees and costs is

*Affirmed.*