Joseph TRICHILO, Plaintiff-Appellee,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.

No. 1129, Docket 87–6023.

United States Court of Appeals, Second Circuit.

Argued July 16, 1987.

Decided Nov. 4, 1987.

James M. Baker, Baker, Clark & Satter, Syracuse, N.Y., for plaintiff-appellee.

William Kanter, Jay S. Bybee, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Washington, D.C., for defendant-appellant.

Before VAN GRAAFEILAND, PRATT, and ALTIMARI, Circuit Judges.

PER CURIAM:

Presently before the court is Trichilo's motion for $10,037.96 in attorney's fees and litigation expenses incurred on the government's appeal of the district court's award of attorney's fees for counsel's district court work. On that appeal, we ruled in favor of plaintiff in all respects. *Trichilo v. Secretary of Health & Human Services*, 823 F.2d 702 (2d Cir.1987). We now reaffirm the holding and rationale of our earlier opinion, and, in addition, grant Trichilo's motion for attorney's fees on the appeal.

We assume familiarity with our earlier opinion in which we held, in part, that a litigant is entitled to attorney's fees under the Equal Access to Justice Act not only for the successful prosecution of a suit under the act, but also for the time spent preparing and litigating the fee issue itself. *Id.* at 707. As we noted:

> Since the purpose of the EAJA is to remove counsel fees as an impediment to challenging unreasonable and unjustified governmental actions, where a governmental action has been shown to have been unjustified, *there should be as little disincentive for plaintiffs to obtain attorney's fees as there is for them to challenge the action itself.*

*Id.* (emphasis added). This reasoning applies equally to the time and effort expended by counsel on appeal. Indeed, this case provides a prime example of the reason why fees such as Trichilo's must be recoverable. He incurred fees of over $10,000 on appeal, when the amount in controversy on the original appeal was under $1,000. Were there no possibility of recovering the fees on appeal, counsel might well simply forgo the relatively small amount at issue and not contest the government's position

on issues such as those raised by the appeal in this case, which, we note, the government lost.

The government contends that it is unfair to subject the government to attorney's fee liability when, as here, the position it advocated on appeal—as distinguished from the original, "substantially unjustified" position it adopted toward Trichilo that triggered this litigation—was reasonable, although not ultimately persuasive. However, as we noted in our original opinion, congress has made clear that it is inappropriate to examine separate parts of the litigation to determine whether the government's position in each phase was justified. Instead, as long as the government's underlying substantive position was not "substantially justified", the plaintiff is entitled to recover *all* reasonable attorney's fees incurred. *Trichilo*, 823 F.2d at 707–08. If the government wishes to avoid such liability, it need only refrain from taking positions that are not "substantially justified". Plaintiffs such as Trichilo, on the other hand, are unable to avoid these fees, which are forced upon them by the government's unreasonable positions.

We reject the government's position that the reasonability of its position on appeal amounts to a "special circumstance" that would "make an award unjust". 28 U.S.C. § 2412(d)(1)(A). Reading the "special circumstances" exception so broadly would, in effect, swallow the very rule we announced in our earlier opinion. This we decline to do.

We therefore reaffirm our earlier holding in this case, and extend it to include the reasonable attorney's fees incurred by plaintiff on the appeal. In case the law of this circuit is not now clear to the government, we hold that where the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to any litigation over fees, and any appeal. Since the government challenges none of the particular amounts of fees and expenses claimed by plaintiff, there is no need to remand for an evidentiary hearing in the district court, and plaintiff's motion is granted in its entirety.