David E. JONES, Appellee,

v.

Manuel LUJAN, Jr., in his official capacity as Secretary of Interior, Appellant.

No. 88–5229.

United States Court of Appeals, District of Columbia Circuit.

Oct. 17, 1989.

Michael Jay Singer, Atty., Dept. of Justice, with whom Victoria F. Nourse, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellant.

David E. Jones, pro se Atty.

Before MIKVA, EDWARDS and SILBERMAN, Circuit Judges.

Opinion for the Court filed PER CURIAM.

Dissenting Opinion filed by Circuit Judge SILBERMAN.

PER CURIAM:

This case is before the panel for the second time on a claim for attorney fees. In our initial opinion, *Jones v. Lujan,* 883 F.2d 1031 (D.C.Cir.1989) (*"Jones I"*), *aff'g Jones v. Hodel,* 685 F.Supp. 4 (D.D.C.1988), we affirmed the judgment of the District Court awarding fees to the appellee, David Jones, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1987). In *Jones I,* we held that fees were due the appellee because the Government's litigating position and the underlying action that spawned the civil litigation were not "substantially justified" under section 2412(d)(1)(A) of EAJA. The appellee now seeks fees incurred in the course of defending against the Government's appeal on his original fee award. The Government opposes this request for "fees for fees," on the ground that its appeal from the District Court's judgment was substantially justified.

We hold that the Government cannot avoid paying fees for fees under the circumstances of this case. The Government's litigation position on appeal in *Jones I* was no different from the one before the District Court, and we found that position not to be "substantially justified" under EAJA. Furthermore, the question that the Government raises here (*i.e.,* whether *pro se* lawyers may claim fees under EAJA) is precisely the same question on which the District Court and this court already have ruled in favor of the appellee. Therefore, the Government's opposition to the present application for fees is plainly without merit. The settled law of this and other circuits is that EAJA permits fees for fees. Accordingly, because we find the appellee's request to be fully justified, the application for fees is granted.

## I. BACKGROUND

This case has its origins in David Jones' *pro se* action against the Secretary of the Department of the Interior seeking to compel the agency to comply with its own grievance procedures. The District Court awarded the injunctive relief Jones sought, and the agency eventually complied with its own procedures. Jones then applied to the District Court for attorney fees under EAJA. The District Court granted the application, concluding that Jones was a prevailing party under EAJA and that the Government had not met its statutory burden of proving that its litigation position and its underlying action were "substantially justified." We affirmed the District Court's decision, holding that the literal language of EAJA made it clear that a *pro se* attorney is entitled to fees. *See Jones I,* 883 F.2d at 1034.

Jones now applies for attorney fees incurred in the course of defending against the Government's appeal of the fee award granted by the District Court. The Government contends that this court should not grant Jones' request for fees for the appeal, because the appeal itself was reasonable and thus "substantially justified" within the terms of EAJA.

## II. ANALYSIS

### A. *"Substantially Justified" Under EAJA*

Under EAJA, a prevailing party may recover attorney fees *unless* the "position of the United States" is "substantially justified." EAJA states, in relevant part, that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (Supp. V 1987). Prior to the 1985 amendments to EAJA, there was some doubt among the circuits about the meaning of "position of the United States," *see Rawlings v. Heckler,* 725 F.2d 1192, 1195 (9th Cir.1984); however, it is now clear that this phrase comprehends both the Government's underlying action and its litigation position. EAJA defines

"position of the United States" to mean, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (Supp. V 1987).[1]

The meaning of "substantially justified" in EAJA is now equally well settled. In *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court stated that "substantially justified" means "justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *See id.* 108 S.Ct. at 2550; *cf. Trahan v. Regan*, 866 F.2d 1424 (D.C.Cir.1988) (order en banc) (noting Supreme Court's rejection in *Pierce* of this circuit's "slightly more than reasonable" explication of EAJA "substantially justified" test).

■ Under this settled statutory scheme, whenever the Government contests an application for fees under EAJA, it must address two issues: first, whether the agency's underlying action that gave rise to the civil litigation is substantially justified; second, whether its position in the civil litigation is substantially justified. The Government bears the burden of proof on both issues. *See Wilkett v. Interstate Commerce Commission*, 844 F.2d 867, 871 (D.C.Cir.1988).[2]

### B. Application of the "Substantially Justified" Test

#### 1. The Government's Position Before the District Court

In contesting Jones' application for attorney fees before the District Court, the Government argued that both its underlying action and its litigation position was substantially justified. The *underlying action* was the way in which the Department of the Interior handled the dismissal of an employee under its own grievance procedures. The *litigation position* was the Government's contention that a *pro se* attorney could not recover fees under EAJA. The District Court concluded that neither the Government's underlying action nor its the litigation position was substantially justified within the meaning of EAJA.[3] The Government appealed to this court.

---

**1.** This of course alters the pre–1985 view of this circuit, expressed in *Spencer v. National Labor Relations Board*, 712 F.2d 539, 546–57 (D.C.Cir. 1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984), that "position of the United States" referred only to the Government's litigation position.

**2.** Several of our sister circuits have held that, under EAJA, the Government must prove that *both* its underlying position and its litigation position are substantially justified in order to avoid fees. *See, e.g., McDonald v. Secretary of Health and Human Services*, 884 F.2d 1468, 1476 (1st Cir.1989) (court conceded that "many of the government's *litigating positions* were reasonable and, hence, 'substantially justified,'" but upheld award of EAJA attorney fees where underlying agency action was not substantially justified (emphasis in original)); *Andrew v. Bowen*, 837 F.2d 875, 880 (9th Cir.1988) (where agency's underlying action was not substantially justified court granted EAJA fees without reaching question of substantial justification of agency's litigation position); *Taylor v. Heckler*, 835 F.2d 1037, 1040 (3d Cir.1987) ("'the government is thus deemed to have two positions for EAJA purposes, both [of which] must be 'substantially justified'.... [I]f either government position does not bear scrutiny, the prevailing private party should be awarded attorneys' fees [and

other reasonable fees and expenses].'" (emendations in original) (citation omitted)); *Brinker v. Guiffrida*, 798 F.2d 661, 667 (3d Cir.1986) ("To avoid an award of attorney's fees to a prevailing party, the government must proffer a justification which is substantial with respect to its position viewed as a totality," including both underlying action and litigation position); *cf. Jean v. Nelson*, 863 F.2d 759, 780 (11th Cir.1988) ("We hold ... that the United States may not oppose a 'fees for fees' request solely on the ground that its position in the fee litigation was substantially justified." (citation omitted)).

We had no occasion to consider this question in *Jones I*, and we do not consider it here because it has not been argued by the parties.

**3.** In reaching this conclusion, the District Court mistakenly relied on a "slightly more than reasonable" test, *see Jones v. Hodel*, 685 F.Supp. at 8, rather than the test enunciated in *Pierce v. Underwood, see* note 5 *infra*. The Government did not appeal from this portion of the District Court's decision, *see Jones I*, 883 F.2d at 1033 n. 3, and we did not affirm on this ground, *see* note 5 *infra*. In *Jones I*, we found that EAJA "*clearly* allows for the granting of reasonable attorney fees [for] ... a *pro se* attorney," *Jones I*, 883 F.2d at 1036 (emphasis added), so the Government's litigation position could not be substantially justified.

### 2. The Government's Position Before This Court in Jones I

On appeal to this court, the Government did not contest the District Court's finding that its underlying action was not substantially justified. *See Jones I*, 883 F.2d at 1033 n. 3. Its sole claim on appeal was that its litigation position—that a *pro se* attorney could not recover fees under EAJA—was substantially justified. We rejected that claim, holding that the literal language of EAJA made it clear that a *pro se* attorney may claim fees under the statute. *See Jones I*, 883 F.2d at 1034.

### 3. The Government's Argument in Opposition to "Fees for Fees"

■ Jones has now applied to this court for EAJA attorney fees incurred in defending against the Government's appeal of his fee award by the District Court. The Government asserts that its appeal of the District Court's grant of EAJA fees was reasonable, and therefore "substantially justified," and that we should therefore reject Jones' application for "fees for fees."

The Government does not argue that one cannot recover fees for fees;[4] rather, it argues that "Appellee's application for fees should be denied because no fee is authorized by the terms of the [EAJA]," Defendant–Appellant Opposition to Application for Attorneys' Fees, *Jones v. Lujan*, No. 88–5229 (D.C.Cir.) (filed Aug. 10, 1989) ("Government Opposition") at 2, and refers to "the government's position in this case—that *pro se* lawyers are not entitled to fees under EAJA," *id.* at 3. That is *precisely* the question on which *both* the District Court and this court have already ruled. We held in *Jones I* that this litigation posi-

tion was plainly at odds with the literal language of EAJA. *See Jones I* at 1034 ("the literal language of EAJA covers an award of fees for services performed by Jones"); *id.* at 1034 (EAJA is "facially clear" regarding Jones' entitlement to fees); *cf. id.* at 1035 (cases cited by Government found to be inapposite since they involved only *pro se* litigants, not *pro se* attorneys).[5] Thus, the Government's present Opposition is nothing more than an attempt to reargue a point that was lost on the original appeal. This surely cannot furnish a basis to defeat an otherwise valid application for fees for fees.

■ In an effort to bolster an obviously flawed position, the Government argues that "[g]iven conflicting precedent in the Circuits dealing with similar cases," its litigation position in its original appeal—that EAJA does not entitle *pro se* lawyers to fees—was "eminently reasonable," and, therefore, substantially justified. *See* Government Opposition at 3. It does remain good law in this circuit that the "clarity of the governing law" is one factor a court may consider in determining whether the Government's litigation position is substantially justified. *See Spencer v. National Labor Relations Board*, 712 F.2d 539, 559 (D.C.Cir.1983). However, this legal principle does not help the Government here, for the Government has had its day in court on the issue of whether the law regarding *pro se* attorney fee recovery under EAJA was unclear enough to make its position substantially justified. Indeed, in support of its opposition, the Government has cited many of the same cases already considered in *Jones I. Compare Jones I*, at 1034 *with* Government Opposition at 3. In holding that those cases were inapposite on

---

**4.** The settled law of this and other circuits is that EAJA does permit fees for fees. *See, e.g., Cinciarelli v. Reagan*, 729 F.2d 801, 810 (D.C.Cir. 1984); *Wilkett v. Interstate Commerce Commission*, 844 F.2d 867, 878 (D.C.Cir.1988); *McDonald v. Secretary of Health and Human Services*, 884 F.2d at 1480–81 (1st Cir.1989); *Jean v. Nelson*, 863 F.2d 759, 780 (11th Cir.1988); *Brinker v. Guiffrida*, 798 F.2d 661, 668 (3d Cir. 1986).

**5.** The decision for the court in *Jones I* makes it clear that the Government had failed to show that its litigation position was "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 108 S.Ct. at 2550, and thus was not substantially justified—contrary to the Government's argument in pleadings currently before us. *See* Government Opposition at 2. Although one member of the panel in *Jones I* expressed doubt about the judgment, it is nonetheless clear that the Government's position was flatly rejected in the majority opinion.

a variety of grounds and concluding that the literal language of EAJA entitled Jones to his fees, it is obvious that the court's decision in *Jones I* rejects any possible contention that the Government's litigation position was substantially justified because of unclarity in the extant statutory law.

Although the Government does not deny that a successful litigant may recover fees for fees, the Opposition here appears to invoke an exception to the rule allowing such fees. In *American Academy of Pediatrics v. Bowen*, 795 F.2d 211 (D.C.Cir. 1986), this court held that, on a claim for fees for fees, "a technical defense exception, including at least the defense of untimely filing, should limit any fee-shifting rule." *Id.* at 213. The Government makes an oblique reference to this exception, *see* Government Opposition at 6 n. 3, as if to suggest its applicability in this case. Any such argument must fail, however, for the simple reason that the Government has not raised any valid "technical defense."

As we have already indicated, the sole question that has been raised here is one that was raised and rejected by both the District Court and this court in the litigation culminating in *Jones I.* That question will not be reconsidered at this juncture of the litigation. If the Government had raised a legitimate "technical defense," such as untimely filing (*i.e.*, if Jones' application for fees for fees had been filed late), such an objection would have been cognizable as a valid defense to fees for fees because it was not (and could not have been) raised in the original litigation to prove that the Government's position was substantially justified. However, where the Government has lost on a defense under the "substantially justified" standard in the initial litigation on fees, that position cannot be reasserted as a "technical de-

fense" in opposition to a claim for fees for fees. For us to allow such a defense would make a sham of fee litigation under EAJA.

Indeed, if the trial court had ruled against Jones and we had reversed, holding that the Government's position was not substantially justified, Jones could have claimed fees for fees. We would not have denied fees for fees because the Government was required to defend against Jones' appeal; nor will we deny fees here when Jones was required to defend against the Government's appeal. In either case, the critical inquiry is *not* whether the decision to appeal (or to defend an appeal) is reasonable, but whether the litigation position of the Government is found to be substantially justified.[6]

On this point, the Government's reliance on *American Academy of Pediatrics* is unavailing. The Government asserts that *American Academy of Pediatrics* is "similar in many respects" to this case, Government Opposition at 6, chiefly in that "*American Pediatrics* involved an unresolved question about how to construe the EAJA statute," there, the meaning of "final judgment" in 28 U.S.C. § 2412(d)(1)(B) (Supp. V 1987). *See id.* This case is quite different, however. Here the court has already found that the statutory language was clear—"literally" and "facially" so. As noted in *American Academy of Pediatrics*, at this point in the litigation, a "per se rule applies; the government may not argue that it was substantially justified in arguing that it was substantially justified...." 795 F.2d at 213.[7]

## C.  *Amount of the Fee Award*

■ EAJA dictates a maximum rate of $75.00 per hour for attorney fees "unless the court determines that an increase in the cost-of-living or a special factor ... justifies a higher fee...." 28 U.S.C.

---

**6.** The dissent focuses on whether "the government's appeal of the district court decision was unreasonable." Such an inquiry is irrelevant to the question before us.

**7.** We recognize that the court in *American Academy of Pediatrics* was referring to the assertion of a "technical defense," holding that "any technical defense can only be raised once." *Id.* at 214. The broader principle enunciated in the

opinion, however, is that "the government may not argue that it was substantially justified in arguing that it was substantially justified" in order to avoid a claim for fees for fees. That is the principle that controls in this case, because the Government already has lost before the District Court and this court on the claim that their litigation position was substantially justified under EAJA.

§ 2412(d)(2)(A)(ii) (Supp. V 1987). Jones has requested an increase in the usual statutory rate, from $75.00 to $100.00 per hour. He notes that he did all of the work on the appeal of the fee issue during 1989, and submitted a detailed breakdown of the costs involved in the appeal. The Government has contested neither the number of hours worked nor the request for the increase to $100.00 per hour. We conclude that the cost-of-living adjustment is warranted.[8] However, Jones made a slight miscalculation in adding the number of hours he spent on the fees for fees litigation.[9] Granting his request to increase his rate to $100.00 per hour for 121.60 hours of work, the corrected total amount should be $12,160.00, and not the $12,210.00 for which he has applied.

### III. CONCLUSION

For the foregoing reasons, Jones' application for fees incurred in litigating the fee issue, in the amount of $12,160.00 is granted.[10]

SILBERMAN, Circuit Judge, dissenting:

The sole question presented to us in *Jones v. Lujan*, 883 F.2d 1031 (D.C.Cir. 1989) (*"Jones I"*), was "whether attorney fees are available to a prevailing party who has proceeded *pro se* against the Government under the Equal Access to Justice Act ("EAJA") when the *pro se* party is, by profession, an attorney himself." *Jones I*, 883 F.2d at 1032. And our holding in that case was that an attorney is not barred from recovering attorney fees under EAJA on the ground that he represents himself. *See Jones I*, 883 F.2d at 1036. We did not, in *Jones I*, consider whether the government was "substantially justified" in prosecuting its appeal. That issue was not before us. *See Jones I*, 883 F.2d at 1033 n. 3. Indeed, the district court never considered whether the government's contention that a *pro se* attorney could not recover fees under EAJA was "substantially justified." [1] *But see* Maj. op. at 1098. Yet the majority now grants Jones attorney fees incurred in the course of defending against the government's appeal, stating that "[i]n *Jones I*, we held that fees were due the appellee because the Government's litigating position [the government's contention that a *pro se* attorney cannot recover attorney fees under EAJA] ... [was] not 'substantially justified' under section 2412(d)(1)(A) of EAJA." Maj. op. at 1097. Because I

---

8. According to the United States Department of Labor, the cost of living in the Washington, D.C., area rose by 33.8% from September of 1981 through November of 1988. Using that figure, we would arrive at a permissible adjustment up to $100.35 per hour. *Cf. Wilkett v. Interstate Commerce Commission*, 844 F.2d 867, 875 (D.C.Cir.1988) (noting that EAJA would permit cost-of-living adjustment to cap of $95.83 per hour for attorneys' work performed in 1987). Jones seeks an adjustment to $100.00 per hour for work performed almost exclusively during 1989, and the Government does not contest the requested increase.

9. Jones miscalculated the sum of 2.25 hours and 2.50 hours, getting 5.25 hours. See Statement of Appellee's Expenditure of Time For Attorney Fees, *Jones v. Lujan*, No. 88–5229 (D.C.Cir.) (filed July 31, 1989) at 2.

10. If, as Judge Silberman seems to suggest, we did not decide in *Jones I* whether the Government's litigation position was substantially justified, we do so now and find that it was not.

1. Jones brought an action in the district court seeking attorney fees and costs under EAJA for compelling the Secretary of the Interior to comply with the Department's grievance procedures. The government defended on the grounds that, as a *pro se* litigant, Jones was ineligible for fees and costs under the Act, that Jones had not prevailed on review of the grievance examiner's report, and that the government's position at the agency level—the Department's application of its grievance procedures—was "substantially justified." The district court considered the substantial justification only of the government's position in the underlying grievance procedure. It did not consider the separate question of whether the government was "substantially justified" in arguing that an attorney *pro se* litigant cannot recover fees under EAJA, a negative finding which would have entitled Jones to attorney fees incurred in claiming fees in the district court ("fees on fees"). Instead, the district court seems to have applied a *per se* rule that the government pays fees for EAJA litigation whenever it defends an EAJA suit on the basis that its position in the action on the merits was substantially justified and loses. *See Jones v. Hodel*, 685 F.Supp. 4, 8 (D.D.C.1988). We have not accepted such a rule. *See American Academy of Pediatrics v. Bowen*, 795 F.2d 211, 213 (D.C.Cir.1986).

believe that the majority incorrectly characterizes its holding in *Jones I* and because I find that the government's position on appeal in the case was "substantially justified," I dissent.

In *Jones I* we were presented with the question of whether the district court was to be affirmed under *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977), which held that the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E) (1982), entitles a lawyer acting *pro se* to reasonable attorney fees, and *Cox v. United States Dep't of Justice*, 601 F.2d 1 (D.C.Cir.1979), which extended that holding to lay persons acting *pro se*. I saw no principled distinction between the term "reasonable attorney fees" in FOIA and "reasonable attorney fees" in EAJA and concurred in the majority's judgment on this ground. But the majority did not view these cases as dictating the outcome in *Jones I*. Instead, the majority rested its holding on its reading of EAJA: "[A]s written, Jones is entitled to fees under EAJA because he was represented by an attorney and he was the prevailing party." *Jones I*, 883 F.2d at 1035. Thus, according to the majority, its holding in *Jones I* was not compelled by this circuit's precedent.

Moreover, as I pointed out in *Jones I*, 883 F.2d at 1033 (Silberman, J., concurring), other circuits are hopelessly divided over whether a lawyer *pro se* litigant is entitled to attorney fees under EAJA. Courts of appeals that have considered the availability of attorney fees to *pro se* litigants under EAJA have done so with reference only to lay *pro se* litigants and have held these litigants ineligible for fees. *See Naekel v. Dept. of Transportation*, 845 F.2d 976, 981 (Fed.Cir.1988); *Merrell v. Block*, 809 F.2d 639, 642 (9th Cir.1987); *Crooker v. EPA*, 763 F.2d 16, 16 (1st Cir.1985). In cases involving other, similar statutes, certain courts of appeals have deemed lawyer *pro se* litigants ineligible for fees, *see, e.g., Aronson v. Dep't of Housing and Urban Dev.*, 866 F.2d 1, 4–5 (1st Cir.1985); *Falcone v. IRS*, 714 F.2d 646, 647 (6th Cir.1983), *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1986), while others have rejected that position, *see, e.g., Dun-can v. Poythress*, 777 F.2d 1508, 1511–15 (11th Cir.1985) (en banc), *cert. denied*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986); *Cazalas v. Dep't of Justice*, 709 F.2d 1051, 1057 (5th Cir.1983).

The Supreme Court has said that the government is "substantially justified" in its appeal if it is "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Given the unavailability of precedent in this circuit squarely on point and the division of opinion among our sister circuits, the government's position on appeal was certainly reasonable. The majority points to language in *Jones I* stating that EAJA *"clearly* allows for the granting of reasonable attorney fees [for] ... a *pro se* attorney," Maj. op. at 1098 n. 3 (quoting *Jones I*, 883 F.2d at 1036 (emphasis added)), to support the proposition that "the Government's litigation position could not be substantially justified." *Id.; see also Jones I*, 883 F.2d at 1034 ("the literal language of EAJA covers an award of fees for services performed by Jones"); *id.* at 1034 (EAJA is "facially clear regarding Jones' entitlement to fees"). Neither I nor a number of other judges who have examined the word "attorney" have thought the plain language supports the majority's interpretation. *See Jones I*, 883 F.2d at 1032 (Silberman, J., concurring). Therefore, no recourse now to "literal," "facially," "clearly," or any other adjectives or adverbs can suffice to make a close issue seem foreordained and therefore the government's litigating position unreasonable.

Even *had* the district court held that the government's position that a *pro se* attorney cannot recover attorney fees under EAJA was not "substantially justified," it does not follow that the resolution of this issue would have to be the same in this court. Under the peculiar regime established by the Supreme Court in *Pierce v. Underwood*, which clarified that the government's position need only be reasonable to be substantially justified, a district judge's determination as to reasonableness may not be disturbed unless it is an abuse of discretion. *See Pierce v. Underwood*, 108 S.Ct. at 2547. Under this limited scope of review, different judges can with impu-

nity impose widely varying views as to the reasonableness of the government's position in any case.

We have the power, then, but I do not think we are correct to say that the government's appeal of the district court decision was unreasonable.[2] In no other area of the law would a court describe such an action as unreasonable. But we deal here with attorney fees, and judges are drawn from the ranks of attorneys. It is perhaps psychologically easier for us to award fees to the attorneys for prevailing parties than to deny them—particularly when the cost is diffused among millions of American taxpayers. But, whoever bears the cost, I do not see by what standard the majority concludes the government's appeal was unreasonable. I think the majority in effect reads out of the statute the phrase "substantially justified" and converts EAJA into a statute that automatically promises fees to the prevailing party against the government.

**2.** The reasonableness of the appeal is determined, of course, by the reasonableness of the litigation position on appeal. I do not understand the majority's distinction between the two. *See* Maj. op. at 1100.