Gerald L. NAEKEL, Petitioner,

v.

DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Respondent.

No. 87–3273.

United States Court of Appeals, Federal Circuit.

April 25, 1988.

Victoria Marie Bunsen, Hayes and Phillips, P.C., Denver, Colo., for petitioner. With her on the brief was Paul Godec.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Mary Jones, F.A.A., Washington, D.C., of counsel.

Before SMITH, NEWMAN, and BISSELL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Petitioner Gerald L. Naekel appeals the decision of the Merit Systems Protection Board ("the board"), *Naekel v. Department of Transportations*, 32 M.S.P.R. 497 (1987), denying his request for payment of attorney fees and expenses based on his self-representation before the board and the Federal Aviation Administration ("the agency"), in contesting his wrongful discharge by the agency.

Mr. Naekel also requests *pro se* attorney fees and expenses pertaining to his successful appeal of that discharge, as reported at *Naekel v. Department of Transportation*, 782 F.2d 975 (Fed.Cir.1986). He also requests attorney fees, expenses, and costs for the present appeal, in which he is represented by counsel.

*The Back Pay Act*

A

■ Recovery of attorney fees for the proceedings before the board and the agency is governed by the Back Pay Act, 5 U.S.C. § 5596 (1981), and the board's denial thereof is subject to appellate review, 5 U.S.C. § 7703 (1982). *See generally Gavette v. Office of Personnel Management*, 808 F.2d 1456 (Fed.Cir.1986) (in banc).

The Back Pay Act authorizes the payment of attorney fees incurred by employees affected by "an unjustified or unwarranted personnel action" when certain requirements are met. Such employee is entitled:

5 U.S.C. § 5596(b)(1)(A) ... on correction of the personnel action, to receive for the period for which the personnel action was in effect—

. . . .

(ii) reasonable attorney fees [which] shall be awarded in accordance with standards established under section 7701(g) of this title....

5 U.S.C. § 7701(g) ... payment by the agency involved of reasonable attorney fees incurred by an employee [if the employee] is the prevailing party and [the Board] determines that payment by the agency is warranted in the interest of justice....

During part of these protracted proceedings Mr. Naekel was represented by counsel. Applying the Back Pay Act, the board required payment of attorney fees and certain attendant expenses, all as charged to Mr. Naekel by counsel. These aspects are not before us; their pertinence is in the board's underlying finding that these proceedings met the standards of entitlement set in section 7701(g). *See Sterner v. Department of the Army*, 711 F.2d 1563, 1568–1570 (Fed.Cir.1983).

Mr. Naekel was unable to bear the cost of continuing attorney representation, nor could he obtain qualified unpaid legal assistance. He thus undertook to handle the actions *pro se*, and expended 1,069.4 hours in review and preparation of documents for use before the agency, the board, and this court. His efforts culminated in our reversal of the removal. Mr. Naekel argues that the Back Pay Act may reasonably be interpreted to authorize payment of a sum equivalent to attorney fees to a person who acted on his own behalf, particularly in the circumstances of his case. He emphasizes that he was obliged either to represent himself or to give up the cause. He proposes a payment formula that would take account of his relative inexperience in legal matters.

In support of this request Mr. Naekel observes that the Civil Service Reform Act does not require that an employee's representative in adverse actions be an attorney,

but expressly provides for "an attorney or other representative". 5 U.S.C. § 7701(a)(2) (1982). He suggests that this provision would be meaningless if the "other representative" were excluded from the attorney fee provision of the Act, and that it is not unreasonable to interpret "other representative" as encompassing a petitioner representing himself. He points out that the grant of attorney fees to persons who represent themselves is not without precedent, and that the Act can and should be so interpreted in this case, in the interest of justice.

### B

Most courts deny fees to *pro se* litigants, invoking a variety of reasons. Some courts have referred to a "windfall" to the litigant; others to the potential proliferation of unnecessary lawsuits; others to the burdens on the courts of handling poorly presented cases; others to the public policy of the particular fee-shifting statute.

We have reviewed the public policy embodied in the Back Pay Act, seeking guidance from its legislative history. This history is silent on the purpose of the attorney fee provision, but it states clearly that the purpose of the Back Pay Act itself is to make the wronged employee reasonably financially whole. S.Rep. No. 1062, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Admin.News 2097, 2097. *See* H.R.Rep. No. 1436, 80th Cong., 2d Sess., *reprinted in* 1948 U.S.Code Cong. Service 1735, 1735. *See also Gavette*, 808 F.2d at 1464–65 (discussing Congressional intent behind the various fee shifting statutes).

Mr. Naekel asserts that there is a broader public policy, and strong equitable considerations in his case, that authorize the award of *pro se* attorney fees for these actions. In support, Mr. Naekel cites various statutes which have been interpreted to include *pro se* attorney fees. Fee-shifting statutes, such as the civil rights acts and the "private attorney general" statutes that are designed to obtain private enforcement of important public interests, have on occasion yielded attorney fees to *pro se*

litigants against the government. Mr. Naekel relies particularly on the attorney fee provision of the Freedom of Information Act ("FOIA").

The fee-shifting provision of the FOIA, like that of the Back Pay Act, describes "attorney fees ... *incurred*":

> The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E). Mr. Naekel argues that although the courts have not uniformly granted attorney fees to *pro se* litigants in FOIA actions, those that have done so have referred to public policy purposes of such actions. The District of Columbia Circuit and a few other courts, emphasizing the public interest served by private enforcement of governmental compliance with the FOIA, have interpreted the statute as authorizing attorney fees to persons acting *pro se:*

> In authorizing courts to award attorney's fees in Freedom of Information Act cases, Congress sought to encourage private persons to assist in the national policy that favors disclosure of government documents.

\* \* \* \* \* \*

> [I]t is unnecessary for a complainant who is an attorney acting *pro se* to have actually incurred attorney's fees in order to be eligible for an award of same.

*Cox v. United States Dep't of Justice*, 601 F.2d 1, 5 (D.C.Cir.1979).

Mr. Naekel argues that the attorney fee provision of the Back Pay Act, in addition to serving the interests of justice, may be viewed as embodying a punitive or deterrent component. Mr. Naekel urges that this aspect is of compelling force on the facts of his case, pointing to this court's remark that the position of the agency was "patently ridiculous". *Naekel*, 782 F.2d at 979.

### C

There is of course a strong public interest in fair employment practices when the

government is employer, thus fostering maintenance of a civil service whose employees serve the nation willingly and effectively. This purpose is served by the attorney fee provision of the Back Pay Act. This provision facilitates the retention of counsel by government employees who are the victims of wrongful personnel actions. When such actions are successfully overcome, the government is required to pay lost income to the employee and to reimburse the costs of litigation.

The attorney fee provision of the Back Pay Act is not a penalty designed to increase the agency's liability: it is a reimbursement statute, to facilitate making whole the wronged employee. Beyond this important purpose, we discern no overriding public interest in such actions, in comparison with, for example, the public interest in enforcing openness in government or the elimination of discrimination; nor an intent to impose punitive damages on the errant agency. Thus the attorney fee provision of the Back Pay Act does not entail a specific statutory "intent to encourage vigorous enforcement", in contrast to those statutes referred to in the legislative history of the Equal Access to Justice Act, concerning which the House Report stated that

> [T]his section is not intended to replace or supercede any existing fee-shifting statutes such as the Freedom of Information Act, the Civil Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, or to alter the standards of the case law governing those Acts.

H.R.Rep. No. 1418, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4997.

 The policy of the Back Pay Act is well satisfied by its plain reading: that only attorney fees actually incurred shall be awarded. Although the purpose of the Back Pay Act is to provide remedy for a private wrong, the discernable intent of Congress does not support Mr. Naekel's position that a financial recovery to the *pro se* litigant, beyond the dollar cost of the litigation, should be inferred. Mr. Naekel's success against the professional opposition of government counsel, in his lengthy odyssey through the litigation process, is not authority for the payment of a sum equivalent to the counsel fees he did not incur.

Thus, when the employee incurs attorney fees, they will be paid by the agency, in implementation of the statutory purpose whereby the employee is made reasonably whole. Payment to the *pro se* litigant for his/her own time expended on his/her own behalf does not serve an additional public purpose, and it can not be assumed that Congress intended such payment. Mr. Naekel's request for *pro se* attorney fees was correctly denied by the Board.

### Costs and Expenses Under the Back Pay Act

Mr. Naekel states that the board did not respond to his request for out-of-pocket expenses incurred in his actions before the agency and the board. Emphasis was placed on photocopying and travel expenses.

 The phrase "reasonable attorney fees" in the Back Pay Act includes those out-of-pocket litigation expenses that may fairly be described as part of the fee for services rendered. *Bennett v. Department of the Navy*, 699 F.2d 1140, 1143 (Fed.Cir.1983). "Photocopying, deposition costs, witness fees, and other expenses are 'taxable costs' or 'expenses,' not to be considered part of an award of attorney fees. Costs and expenses are not recoverable [under the Back Pay Act]". *Gavette*, 808 F.2d 1456, 1462 & n. 29. To the extent that Mr. Naekel's expenses before the board and the agency are not in the excluded categories described in *Bennett* and *Gavette*, such expenses actually incurred are recoverable under the Back Pay Act. It is not clear from the record before us whether Mr. Naekel had such qualifying expenses. If so, they may be submitted to the board for payment under the Back Pay Act.

*The Equal Access to Justice Act*

Attorney fees for actions prosecuted before this court may be recovered under the provisions of either the Back Pay Act or the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Supp. III 1985). *Brewer v. American Battle Monuments Commission,* 814 F.2d 1564, 1566 (Fed.Cir.1987); *Gavette,* 808 F.2d at 1465. *See also Massa v. Department of Defense,* 833 F.2d 991 (Fed.Cir.1987).

We have considered whether Mr. Naekel's request for *pro se* attorney fees, expenses, and costs may be viewed more benevolently under the EAJA. The pertinent section of the statute, 28 U.S.C. § 2412(d)(1)(A), is as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action....

The legislative history of the EAJA, as discussed *supra,* shows Congressional intent not to make a major change in the policy embodied in existing fee-shifting statutes. Although the provisions of the EAJA require payment to the prevailing party, without requiring determination of "the interest of justice" as in the Back Pay Act, we do not construe this difference as signifying the intent of Congress to authorize recovery of fees by *pro se* litigants. For the reasons discussed in connection with the Back Pay Act, such an interpretation would reflect a major policy shift in cases of wrongful discharge.

■ We conclude that neither the EAJA nor the Back Pay Act authorizes payment to Mr. Naekel for the time spent acting *pro se* in his appeal to this court. The request for such payment is denied.

*Expenses and Costs Under the EAJA*

■ The EAJA provides for the reimbursement of litigation expenses and costs, insofar as they were incurred. 28 U.S.C. § 2412(d)(1)(A). *Gavette* 808 F.2d at 1461. Those items in the category of "taxable costs" incurred in the prior appeal to this court have apparently been recovered. To the extent that other reasonable expenses were incurred in that appeal, recovery thereof is not dependent on whether Mr. Naekel was representing himself. A petition therefor may be submitted to the court.

*This Appeal*

On this appeal Mr. Naekel was represented by counsel, who requests attorney fees, expenses, and costs in accordance with the Equal Access to Justice Act.

■ Mr. Naekel was not a prevailing party on the major relief requested in this appeal, in that his request for *pro se* attorney fees is denied. Certain relief has been granted, however, and to that extent a pro rata petition for attorney fees and expenses will be entertained. *See Boese v. Department of the Air Force,* 784 F.2d 388, 391 (Fed.Cir.1986) (authorizing attorney fees appropriate to the results obtained) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434-37, 103 S.Ct. 1933, 1939-41, 76 L.Ed.2d 40 (1983)).

No costs to either side on this appeal.

AFFIRMED IN PART, MODIFIED IN PART.