962 F.2d 1053
 140 L.R.R.M. (BNA) 2183, 295 U.S.App.D.C. 261
 AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, LOCAL
3882, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
United States Department of Justice, Bureau of Prisons, Intervenor.
UNITED STATES DEPARTMENT OF JUSTICE, BUREAU of PRISONS, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
American Federation of Government Employees, AFL-CIO, Local
3882, Intervenor.
 Nos. 88-1375, 88-1491.
 United States Court of Appeals,
District of Columbia Circuit.
 March 31, 1992.
As Amended April 14, 1992.
 
 Petitions for Review of an Order of the Federal Labor Relations authority.
 Before: EDWARDS and SENTELLE, Circuit Judges.
 Order for the Court filed PER CURIAM.
 
 ORDER
 
 1
 The American Federation of Government Employees, AFL-CIO, Local 3882 (AFGE) filed its motion for attorney fees on September 30, 1991. The motion was supplemented on January 21, 1992. Respondents thereafter submitted separate oppositions. AFGE's motion requests attorney fees for its roles as petitioner in No. 88-1375 and as intervenor in No. 88-1491, pursuant to either the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1988), or the Back Pay Act (BPA), 5 U.S.C. § 5596(b) (1988). Upon consideration of the foregoing it is
 
 
 2
 ORDERED, by the Court, that the claim pursuant to EAJA is denied. It is
 
 
 3
 FURTHER ORDERED, by the Court, that the claim for fees, under either statute, arising from AFGE's participation as intervenor is denied. It is
 
 
 4
 FURTHER ORDERED, by the Court, that the issue of the availability of fees under BPA is hereby referred to a regularly constituted merits panel of the court for decision after full briefing and argument.*
 
 
 5
 A future order will schedule briefing and argument.
 
 MEMORANDUM
 
 6
 HARRY T. EDWARDS, Circuit Judge, concurring in the decision to refer the case to a merits panel:
 
 
 7
 I agree that the petitioner has failed to justify a claim for fees under the Equal Access to Justice Act ("EAJA").[1] The claim for fees under the Back Pay Act, however, raises a much more difficult question. I therefore agree that the case should be referred to a regularly constituted merits panel of the court for decision after full briefing and argument.
 
 
 8
 The parties' submissions to date are wholly inadequate insofar as they purport to treat the issues arising under the BPA. Therefore, I offer a few observations that, hopefully, will help to focus the argument before the merits panel.
 
 
 9
 To receive fees under the Back Pay Act, a petitioner must be a prevailing party, show that the fees are related to a personnel action, 5 U.S.C. § 5596(b)(1)(A)(ii), and show that the fees are warranted in the interest of justice, 5 U.S.C. § 7701(g)(1). There is no dispute here over the petitioner's status as a prevailing party.
 
 
 10
 1. Entitlement to fees under the Back Pay Act. Section 5596(b) requires that the fees be "related to the personnel action." The question, then, is whether AFGE's pursuit of market-based, as opposed to cost-based, fees is "related to the personnel action." So far as I can determine, there is no case law under the Back Pay Act directly on point. Under EAJA, however, it is settled that fees incurred in pursuit of fees are compensable.
 
 
 11
 Furthermore, under EAJA, the entitlement to fees in fee litigation is based on the Government's position in the underlying case, not its position in the fee litigation. See Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 2318, 110 L.Ed.2d 134 (1990) (rejecting Government's argument that "unless the court finds that the Government's position in the fee litigation itself was not substantially justified, fees for any litigation about fees are not recoverable"); id. at 2319 ("only one threshold determination for the entire civil action is to be made"); Jones v. Lujan, 887 F.2d 1096, 1099 (D.C.Cir.1989); Cinciarelli v. Reagan, 729 F.2d 801, 809-10 (D.C.Cir.1984).[2]
 
 
 12
 Why should claims under the Back Pay Act be treated differently? It is true that EAJA contains no subject-matter limitation on the fee award, whereas section 5596(b)(1) of the Back Pay Act states that the fees must be "related to the personnel action." It is unclear, however, why this difference would be relevant here.
 
 
 13
 Thus, it would seem that the principal issue in this case is whether the union's action relates to the personnel action. For purposes of analogy, we probably can assume that if a prevailing plaintiff under the Back Pay Act was awarded a sum inadequate to cover his private attorney's fee, he or she could present a valid claim to this court to recover the balance. Because the panel opinion in this case analogizes the union's role to that of private counsel, see American Fed'n of Gov't Employees, Local 3882 v. FLRA, 944 F.2d 922, 928-34 (D.C.Cir.1991), petitioner's rights to claim fees under the Act arguably should be comparable. And, as the court reasoned in Cinciarelli, a fee-shifting statute should shift the fees completely. See 729 F.2d at 809. Therefore, why should petitioner not be able to recover fees incurred in pursuit of fees?
 
 
 14
 2. "In the interest of justice." The party seeking fees under the BPA also must show that fees are "warranted in the interest of justice" under 5 U.S.C. § 7701(g)(1). See, e.g., Lewis v. United States Marine Corps, 674 F.2d 714, 715 (8th Cir.1982). The Government argues that because the Authority's decision to use a cost-plus rule was substantially justified, it would not be "in the interest of justice" to permit fees under the Back Pay Act for the fee action. This argument conflates and confuses two distinct issues, however.
 
 
 15
 The appeal over the cost-plus rule was the first EAJA proceeding, see note 1 supra, therefore, "substantial justification" under EAJA is properly assessed by reference to the Government's position in the fees for fees litigation. The claim for fees under the BPA, however, arose over the Bureau of Prisons' action assigning the employee to a different penitentiary. This claim for fees was justified under the BPA because the Bureau of Prisons' action in the underlying case was found to have been in clear disregard of the law. United States Dep't of Justice, 32 F.L.R.A. 20, 27 (1988); see also 944 F.2d at 934 ("The interest of justice is served by an allowance of attorneys' fees whenever 'the agency's action [is] clearly without merit,' and without a doubt it was so here.") (quoting § 7701(g)(1)). If, as the Supreme Court has held, a fee entitlement is based solely on the parties' positions in the underlying case (and not their positions in the fees litigation), then, from the perspective of the Back Pay Act, it would appear that the fee award already has been found to be in the interest of justice. What more is left for this Court to decide on this point?
 
 
 
 *
 Separate statement by Circuit Judge Edwards accompanies this Order
 
 
 [1]
 I think that fees are not justified under EAJA directly because the agency proceeding concerning the employee's assignment was not covered by EAJA, but solely by the Back Pay Act. Cf. Ardestani v. INS, --- U.S. ----, 112 S.Ct. 515, 518-20, 116 L.Ed.2d 496 (1991) (EAJA (here, 5 U.S.C. § 504) does not cover agency adjudications unless they are controlled by 5 U.S.C. § 554); 5 U.S.C. § 7118(a)(6) (1988) (hearings on unfair labor practice charges only governed by § 554 "to the extent practicable"). Our review of the Authority's decision to follow the Federal Circuit's cost-plus rule is the first proceeding in this litigation to which EAJA applies. The Authority's decision to use the cost-plus rule was substantially justified
 
 
 [2]
 Cf. § 2412(d)(1)(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."). The Court in Jean pointed at this language, which uses "record" in the singular, as support for its conclusion that fees eligibility should only be determined once. 110 S.Ct. at 2320