AMERICAN FEDERATION OF GOV-
ERNMENT EMPLOYEES, AFL-
CIO, LOCAL 3882, Petitioner,

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Respondent,

United States Department of Justice,
Bureau of Prisons, Intervenor.

No. 88-1375.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 12, 1993.

Decided June 8, 1993.

waived. In any case, their substantive argument on this point is meritless and does not warrant discussion.

Martin R. Cohen, with whom Mark D. Roth was on the brief, for petitioner.

Wendy B. Bader, Atty., Federal Labor Relations Authority (FLRA), with whom David M. Smith, Sol., and William R. Tobey, Deputy Sol., FLRA were on the brief, for respondent.

Marc Richman, Atty., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., and William Kanter, Atty., Dept. of Justice were on the brief for intervenor.

Before MIKVA, Chief Judge; SILBERMAN and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Chief Judge MIKVA.

MIKVA, Chief Judge:

Petitioner, the American Federation of Government Employees, AFL–CIO, Local 3882, moves under the Back Pay Act for attorneys' fees as compensation for the time it spent litigating the proper method of calculating a previous fee award. We hold that such "fees for fees" are available under the Back Pay Act.

## I. BACKGROUND

The Federal Labor Relations Authority ("FLRA") determined that the Bureau of Prisons ("the Bureau") committed an unfair labor practice by refusing to comply with an arbitration award directing the Bureau to reinstate an improperly discharged employee, Richard Frontera, to his former job. 22 F.L.R.A. (No. 95) 928 (1986). The American Federation of Government Employees, AFL–CIO, Local 3882 ("the Union") represented Mr. Frontera in the unfair labor practice proceedings. After the FLRA issued its decision, the Union moved for an award of attorneys' fees under the Back Pay Act ("BPA"), 5 U.S.C. § 5596. The FLRA

granted the fee request, but restricted the award to the actual cost of the legal services, rather than the prevailing market rate requested by the Union. 32 F.L.R.A. (No. 3) 20 (1988). In this Court, the Union appealed the FLRA's cost-based method of calculating the fees. We held in favor of the Union, concluding that the prevailing market rate, not the actual cost, was the proper standard for determining the amount of the fees. *Am. Fed'n of Gov't Employees, AFL–CIO, Local 3882 v. FLRA*, 944 F.2d 922 (D.C.Cir.1991).

The Union then petitioned this Court for attorneys' fees for the hours it expended challenging the FLRA's decision to calculate the fees according to cost. The Union based its "fees for fees" request on both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Back Pay Act. A motions panel of this Court rejected the Union's claim pursuant to the EAJA, but referred the issue of the availability of fees under the BPA to the present regularly constituted merits panel. *Am. Fed'n of Gov't Employees, AFL–CIO, Local 3882 v. FLRA*, 962 F.2d 1053 (D.C.Cir.1992).

## II. ANALYSIS

The BPA authorizes the award of attorneys' fees, as well as back pay, to an employee of a federal agency who has been found to be the subject of an unjustified personnel action resulting in lost pay. 5 U.S.C. § 5596. In order to be entitled to attorneys' fees under the BPA, the employee must be the prevailing party, the fees must be "related to the personnel action," 5 U.S.C. § 5596, and the payment of fees must be "warranted in the interest of justice," 5 U.S.C. § 7701(g)(1). The FLRA does not dispute the Union's status as a prevailing party. It does, however, argue that the requested attorneys' fees are not "related to the personnel action" and that a fee award in the present circumstances would not be "warranted in the interest of justice."

### A. "Related to the personnel action."

The FLRA contends that because the Union's "fees for fees" request arises out of the proceedings in this Court concerning the fee calculation method, not out of the under-

lying unfair labor practice proceedings, the request is not "related to the personnel action." There appears to be no case law under the BPA which directly addresses the issue of whether attorneys' fees incurred in pursuit of fees are "related" to the underlying personnel action and are thus compensable. In considering the availability of "fees for fees" under other statutes, however, the courts have consistently held that the prevailing party's entitlement to such fees depends on the losing party's justification for its position in the underlying case, not its justification for its position in the fee litigation. *See, e.g., Commissioner, INS v. Jean,* 496 U.S. 154, 161–62, 110 S.Ct. 2316, 2320–21, 110 L.Ed.2d 134 (1990), *and cases cited therein.* This approach suggests that courts generally consider "fees for fees" requests to be related to the underlying action.

In *Jean,* for example, the Supreme Court held that the Government could not avoid liability under the EAJA for fees incurred in pursuit of fees by showing that its position in the fee litigation was "substantially justified." Instead, it was required to establish substantial justification for its position in the underlying action. In explaining this holding, the Court suggested that all fee requests are integrally related to the underlying case from which they arise. "Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 161–62, 110 S.Ct. at 2320.

"Fees for fees" requests are clearly "related" to the underlying action, for such fees are often necessary to fulfill the purposes of the statutory scheme on which the action is based. Attorney's fee provisions in federal statutes have various and multiple objectives, all of them related to furthering the goals of the underlying statutes. Sometimes they are intended to make a litigant whole when she is wronged under a statute. At other times, their purpose is to encourage suits challenging conduct disfavored by a statute by reducing the costs of pursuing such suits. In still other instances, fee-shifting provisions are intended primarily to make it possible for an indigent litigant to hire an attorney to enforce her rights under a statute. No matter what the purpose of an attorney's fee provision, however, the availability of "fees for fees" is essential to carrying out Congress' goal in including the provision in the first place.

Federal courts have repeatedly recognized that the unavailability of "fees for fees" could render fee-shifting provisions impotent, thereby reducing the effectiveness of the underlying statutes. In *Commissioner, INS v. Jean,* the Supreme Court observed:

> [T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions.... If the Government could impose the cost of fee litigation on prevailing parties ... the financial deterrent that the EAJA aims to eliminate would be resurrected.

496 U.S. at 163–64, 110 S.Ct. at 2321–22.

The Third Circuit has recognized:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased.... Such a result would not comport with the purpose behind most statutory fee authorizations, *viz,* the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.

*Prandini v. National Tea Co.,* 585 F.2d 47, 53 (3rd Cir.1978). *See also Souza v. Southworth,* 564 F.2d 609, 614 (1st Cir.1977) (The failure to allow fees for fees "would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals.").

As these passages demonstrate, an award of "fees for fees" is not merely a remote descendant of the underlying action from which it derives. Rather, it is an integral aspect of the statutory scheme on which the underlying claim is based. This is as true for BPA cases as it is for actions brought under other federal statutes. The BPA is designed to protect federal agency employees who are subjected to unjustified personnel actions by

entitling them to back pay, attorneys fees, and full credit for missed time. 5 U.S.C. § 5596. The legislative history of the BPA plainly states that the purpose of the statute is to make such employees reasonably financially whole. *Naekel v. Dep't of Transp., FAA,* 845 F.2d 976, 979 (Fed.Cir.1988). To hold that "fees for fees" were unavailable would tend to thwart this objective, because wronged employees might then have to fund part of their attorneys' uncompensated labor.

Moreover, although the legislative history is silent as to the precise purposes of the BPA fee provision, it is undoubtedly intended to facilitate suits to enforce federal labor policy. Without the ability to collect "fees for fees" under the BPA, victims of unjustified personnel actions might be reluctant to bring claims against their employing agencies. Furthermore, attorneys might be unwilling to take on cases brought by wronged employees with limited resources. Since "fees for fees" are an important instrument in enforcing laws designed to prevent unwarranted personnel actions such as the one committed by the Bureau in this case, the fees are clearly "related" to these personnel actions.

■ There may be some point in the course of litigation at which a claim arises that is so tenuously connected to the underlying action from which it derives that it cannot be considered to be "related" to that action. The "fees for fees" request at issue in this case occurred well before that point, however.

*B. "Warranted in the interest of justice."*

Under the Back Pay Act, attorneys' fees must be "awarded in accordance with standards established under section 7701(g) of this title." 5 U.S.C. § 5596(b)(1)(A)(ii). Section 7701(g) in turn requires that the payment of attorneys' fees be "warranted in the interest of justice." 5 U.S.C. 7701(g)(1). It further provides that fee awards satisfy this requirement in "any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit." *Id.*

The FLRA contends that we should determine whether "fees for fees" are "warranted in the interest of justice," not by examining the Bureau of Prisons' conduct in the personnel action, but rather by assessing the FLRA's decision about how to calculate the fees. Since the FLRA's decision to use a cost-based method was not "clearly without merit," the FLRA argues that "fees for fees" should not be available under the BPA.

As noted above, *supra* p. 22, in *Commissioner, INS v. Jean,* 496 U.S. 154, 161–62, 110 S.Ct. 2316, 2320–21, 110 L.Ed.2d 134 (1990), the Supreme Court held that, in considering a "fees for fees" request under the EAJA, a court should look to an agency's conduct in the underlying dispute, not to its position in the fee litigation. The agency can escape "fees for fees" liability by showing that the former conduct is "substantially justified," but the merit of the agency's position in the fee litigation is not relevant to "fees for fees". *Id.*

■ We can discern no reason to apply the BPA differently from the way *Jean* applies the EAJA. The same considerations that led the Supreme Court to base fee entitlement under the EAJA on the positions of the parties in the underlying case are equally relevant in the BPA context. The substitution of an independent adjudicatory agency, such as the FLRA, as respondent in the fees for fees litigation does not alter the analysis. We therefore find that to determine whether "fees for fees" requested under the BPA are "warranted in the interests of justice," we must look primarily to the government's conduct in the underlying case, not the FLRA's position in the fee litigation. Of course, extraordinary cases might arise in which a petitioner's conduct in the fee litigation renders a "fees for fees" award unjust, even though the government's position in the underlying case lacks merit. No such circumstances exist in the present case, however.

■ We therefore look solely to the Bureau of Prisons' conduct in the underlying personnel action. The Bureau refused to comply with the arbitrator's order requiring it to reinstate Mr. Frontera to his former position. In reviewing the FLRA's original fee award, this Court has previously held

that the Bureau's actions were "clearly without merit," and thus that the fee award served the interests of justice in this case. *Am. Fed'n of Gov't Employees, AFL–CIO, Local 3882 v. FLRA*, 944 F.2d at 934. Because this Court's previous evaluation of the government's conduct applies to the present fee request as well, we hold that an award of "fees for fees" is "warranted in the interest of justice."

Finally, the FLRA asserts that it would not serve the interests of justice to require it, as opposed to the Bureau of Prisons, to pay the "fees for fees" award to the Union. It notes that it took no part in the prohibited personnel practice, and that it in fact corrected the practice by ordering the Bureau to reinstate Mr. Frontera to his original job. Moreover, the FLRA's decision to award attorneys' fees based on actual cost rather than market rate was not "clearly without merit." Why should the FLRA, which did not unjustly harm Mr. Frontera or the Union in any way, have to pay the fees?

■ The FLRA raises a valid point. In light of our holding that we must focus exclusively on the employing agency's conduct when deciding whether to award "fees for fees" under the BPA, it would seem odd for the FLRA, rather than the Bureau, to be liable for such fees. By intervening in the present case, the Bureau of Prisons has rendered itself subject to this Court's remedial jurisdiction. We therefore hold that the Bureau must pay attorneys' fees to the Union. The fees should be calculated at the market rate for all the hours the Union expended in pursuit of fees.

## III. CONCLUSION

We find that, under the Back Pay Act, the Union is entitled to fees as compensation for its attorneys' efforts to have a previous fee award calculated according to the prevailing market rate, rather than according to actual cost. This award is both "related to the [underlying] personnel action" and, under the circumstances of this case, "warranted in the interest of justice." The Bureau of Prisons must therefore pay the Union its requested fees.

*It is so ordered.*