# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) | |
| Amaratek | ) ) | ASBCA Nos. 59149, 59395 |
| Under Contract No. W9124R-11-P-1054 | ) | |

APPEARANCE FOR THE APPELLANT:  Mr. David P. Dumas
President

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Cali Y. Kim, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S EQUAL ACCESS TO JUSTICE APPLICATION

On 5 December 2014, appellant, Amaratek, timely applied for expenses pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, after the Board sustained its consolidated appeals, in part, in the amount of $58,947, with interest.[1] *Amaratek*, ASBCA Nos. 59149, 59395, 2014 WL 6634953 (Nov. 10, 2014). Amaratek seeks $104,246.81, including $104,213.34 for the time that its president, Mr. David P. Dumas, spent researching and preparing Amaratek's claims to the contracting officer, its filings in the appeals, its EAJA application, and its reply to the government's response to that application (app. memo. in support of application at 7-8 (spreadsheets); app. reply, last page). The balance consists of $23.47 in FedEx expenses and $10 in notary expenses (*id.*).

Throughout the dispute that is the subject of the appeals, both in its claims to the contracting officer and before the Board, Amaratek has represented itself, *pro se*. Time spent by a *pro se* litigant on such efforts as legal research, developing claims or legal

---

[1] Amaratek elected to have the appeals processed pursuant to Board Rule 12.2; consequently, the decision in the appeals was rendered for the Board by a single Administrative Judge. Board Rule 12.2(c). Pursuant to paragraph (n) of Addendum I to the Board's Rules, this decision is rendered by the same Administrative Judge, the one who would have participated in a motion for reconsideration of the underlying appeals. *See Paragon Dynamics, Inc.*, ASBCA No. 42792, 92-3 BCA ¶ 25,172 at 125,450 (single judge EAJA opinion subsequent to Rule 12.2 decision).

positions, and preparing motions or other filings is not recoverable pursuant to EAJA. *See Groves v. Shinseki*, 541 F. App'x 981, 984 (Fed. Cir. Sept. 16, 2013) (unpublished decision); *Naekel v. Department of Transportation*, 845 F.2d 976, 981 (Fed. Cir. 1988), *Paragon Dynamics*, 92-3 BCA ¶ 25,172 at 125,450 (vice president's time not recoverable); *M. Bianchi of California*, ASBCA No. 26362 *et al.*, 90-1 BCA ¶ 22,369 at 112,403-04. The $104,213.34 that Amaratek seeks for the work of Mr. Dumas is for such time; consequently, Amaratek may not recover any of that amount.

However, Amaratek's *pro se* status does not preclude it from recovering the "out-of-pocket" FedEx and notary expenses. *See Union Precision & Engineering,* ASBCA No. 37549, 93-1 BCA ¶ 25,337 at 126,235 (citing *Naekel*).[2] An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. 5 U.S.C. § 504(a)(1). Whether the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole. *Id.* For purposes of EAJA, a "party" includes any corporation the net worth of which did not exceed $7,000,000 at the time the adversary adjudication was initiated, and which had not more than 500 employees at the time the adversary adjudication was initiated. 5 U.S.C. § 504(b)(1)(B)(ii). The government does not dispute that Amaratek is a "party," but does not expressly state whether Amaratek prevailed on appeal. We find that the documents presented in support of the EAJA application demonstrate that Amaratek satisfied the net worth and employee limitations required for EAJA eligibility, and that, the Board having sustained the appeals, in part, in the amount of $58,947, Amaratek prevailed on appeal.

The government does not contend that special circumstances would make an award unjust, and the burden is on the government to show that its position was substantially justified. *Lucia E. Naranjo*, ASBCA No. 52084, 00-2 BCA ¶ 30,937 at 152,707. The government, however, fails to carry that burden. The only showing that the government offers is that, on appeal, Amaratek "prevailed only in part - $58,847, plus interest vice the total quantum of $128,963 as claimed" (gov't resp. at 5). Leaving aside that the Board sustained the appeal in the amount of $58,947 (not $58,847), *Amaratek*, 2014 WL 6634953, we find that the government's showing fails. While an appellant having prevailed does not mean that the government's position

---

[2] In *Naekel*, 845 F.2d at 981, the United States Court of Appeals for the Federal Circuit held that a *pro se* litigant may recover expenses. Although in *Groves*, 541 F. App'x at 984, the Federal Circuit called that holding into doubt in view of *Kay v. Ehrler*, 499 U.S. 432 (1991), the Federal Circuit has not overruled *Naekel*, which, therefore, remains binding upon the Board.

lacked substantial justification, *see* 5 U.S.C. § 504(a)(1), it is not the case that where an appellant does not succeed upon all its claims, the government was, necessarily, substantially justified. *See Dalles Irrigation District v. United States*, 91 Fed. Cl. 689, 699 (2010).

In view of the foregoing, Amaratek is entitled to recover $23.47 in FedEx and $10 in notary expenses to the extent that those expenses are reasonable and allowable under EAJA. *See Paragon Dynamics*, 92-3 BCA ¶ 25,172 at 125,450. The government does not address either expense directly, and the documents supporting Amaratek's application demonstrate that both were incurred in the process of preparing and filing the application itself. That is, the notary notarized Mr. Dumas's affidavit in support of the application, and Amaratek sent the application to the Board by FedEx. Such expenses incurred preparing an EAJA application are allowable, *see Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1468 (Fed. Cir. 1986), and we find both the $23.47 FedEx expense and the $10 notary expense reasonable. *Cf. Paragon Dynamics*, 92-3 BCA ¶ 25,172 at 125,450 ($27.72 in office supplies, printing, reproduction, and postage reasonable).

In accordance with the foregoing, Amaratek is awarded expenses in the amount of $33.47.

Dated: 22 January 2015

TIMOTHY P. McILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA Nos. 59149, 59395, Appeals of Amaratek, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3