NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GENE S. GROVES,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETER-ANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1839

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3084, Chief Judge Margaret C. Bartley.

_____

Decided: December 7, 2023

_____

GENE S. GROVES, Shafter, TX, pro se.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, DYK and STOLL, *Circuit Judges*.

PER CURIAM.

Gene S. Groves appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) denying in part Mr. Groves' application for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the following reasons, we *affirm*.

## BACKGROUND

In July 2017, the Board of Veterans' Appeals (Board) denied Mr. Groves' claim for vocational rehabilitation and employment benefits. Appx. 1–2.[1] Mr. Groves appealed the Board's decision to the Veterans Court, paying a $50 filing fee. *Id.* at 1, 19. The Veterans Court affirmed the Board's decision. *Groves v. McDonough*, 33 Vet. App. 368, 379–83 (2021) (*Groves I*). Mr. Groves appealed to this Court, paying a $500 filing fee. Appx. 2, 21. We vacated and remanded. *Groves v. McDonough*, 34 F.4th 1074, 1078–81 (Fed. Cir. 2022) (*Groves II*). On remand, the Veterans Court set aside the Board's decision and remanded to the Board to make the necessary findings of fact consistent with *Groves II*. Appx. 2.

Mr. Groves filed an EAJA application with the Veterans Court seeking a total of $74,375—$550 for filing fees and $73,825 for "[c]omputer legal/records research" and "EAJA research". *Id.* at 15–18. The Veterans Court granted-in-part Mr. Groves' application in the amount of $550 for filing fees. *Id.* at 1–5. The Veterans Court denied Mr. Groves' reimbursement request for time he spent conducting legal research because *pro se* non-attorney time developing claims is not compensable under EAJA. *Id.* The

---

[1]    "Appx." refers to the appendix attached to Respondent's Informal Brief.

Veterans Court also denied Mr. Groves' request for sanctions. *Id.* at 4–5. Mr. Groves appeals.

### DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Groves argues the Veterans Court misinterpreted EAJA to bar *pro se* appellant recovery for non-attorney research and litigation time. Appellant's Informal Opening Br. 1. We have jurisdiction because Mr. Groves' argument raises a legal question of statutory interpretation. 38 U.S.C. § 7292(a). "We review the Veterans Court's interpretation of EAJA *de novo*." *Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006).

We agree with the Veterans Court's interpretation. We have previously held *pro se* litigants are not entitled to attorney fees, including compensation for non-attorney time preparing for litigation, under EAJA. *See Naekel v. Dep't of Transp.*, 845 F.2d 976, 980–81 (Fed. Cir. 1988).[2] The

---

[2] Indeed, in two of Mr. Groves' prior appeals to this Court, we rejected Mr. Groves' argument that he is entitled to compensation under EAJA for time spent litigating *pro se*. *See Groves v. Shinseki*, 541 F. App'x 981, 985 (Fed. Cir. 2013) (non-precedential) ("We therefore conclude that the Veterans Court committed no legal error in denying Groves's request for research expenses [under EAJA].");

Veterans Court therefore did not err in denying Mr. Groves' request for legal research compensation.[3]

## CONCLUSION

We have considered Mr. Groves' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's denial of Mr. Groves' request for legal research fees.

## **AFFIRMED**

### COSTS

No costs.

---

*Groves v. Shinseki*, 417 F. App'x 983, 983 (Fed. Cir. 2011) (non-precedential) ("Pro se litigants like Groves are not eligible to recover attorney fees under EAJA."). We caution Mr. Groves that repeatedly making already resolved arguments could give rise to sanctions in a future case.

[3] Mr. Groves asserts his Fifth Amendment due process rights were violated because he was not afforded an opportunity to address disputes regarding his EAJA application and make appropriate corrections. We do not agree. Mr. Groves was given an opportunity to respond to the Secretary of Veterans Affairs' arguments by filing a reply brief. Appx. 34–36.